IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
PORTLAND DIVISION

| | |
|---|---|
| WE THE PEOPLE PAC, et al., | : |
| | : No. 1:20-cv-0489-JAW |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : Plaintiffs' Motion to Extend |
| SHENNA BELLOWS, in her official capacity as the Secretary of State of Maine, et al., | : Initiative Petition Deadlines |
| | : |
| | : *Filed Electronically* |
| Defendants. | : |

**PLAINTIFFS' MOTION TO EXTEND INITIATIVE PETITION DEADLINES**

Plaintiffs' respectfully move this Honorable Court to extend the time for Plaintiffs to file initiative petitions with town clerks for validation ten (10) days from the date of any Order granting the requested extension.  Plaintiffs also request that the deadline to file validated signatures with the Secretary of State be similarly extended to a date ten (10) days after the extended deadline to file signatures with town clerks and to also extended the thirty (30) day deadline for the Secretary of State to certify Plaintiffs' initiative petition to a date fifty (50) days from the date of any Order granting the requested extension (i.e., the 10 day extension + 10 days for the town clerks to validate signatures + the normal 30 statutory deadline for Defendant Secretary of State to certify or reject initiative petitions = 50 days).

Under current deadlines, Plaintiffs were required to file their initiative petitions with town clerks for validation on February 16, 2021 and are required to file the validated signatures with the Secretary of State on February 26, 2021, and the Secretary of State must certify (or reject) Plaintiffs' initiative petitions within thirty (30) thereafter, or Monday, March 29, 2021.  If certified, Plaintiffs' initiative will be placed on Maine's 2022 general election ballot if not first

1

adopted into law by the Maine legislature. Accordingly, time is not of the essence with respect to the filing, validation and certification of Plaintiffs' initiative petitions. In fact, initiative petitions filed in January 2022 permit Maine to properly validate signatures and certify initiative petitions in time for the 2022 general election ballot.

Plaintiffs respectfully move this Court to exercise its equitable powers to order an extension of the deadlines for Plaintiffs to file their initiative petitions for the following reasons:

(1) Plaintiffs collected and filed a total of approximately of 80,636 signatures. On or before February 16, 2021, Plaintiffs timely filed 79,333 signatures. Plaintiffs attempted to file 1,303 petition signatures in twenty-one (21) towns whose town halls were closed on the February 16, 2021 deadline for Plaintiffs to file their signatures for certification. Plaintiff filed all such petition on the next business day, Wednesday, February 17, 2021. Based on information and belief, the Secretary of State instructed these towns to permit the petitions to be filed and to stamp Plaintiffs' petition as having been filed on February 17, 2021. However, Defendant Secretary of State has refused to guarantee petitions filed the next business day in towns who were closed on February 16, 2021 will be certified by the Secretary of State. *See*, Attachment A (List of town halls closed on February 16, 2021, and the number of initiative petition signatures for each town that Plaintiffs attempted to file on February 16, 2021). In a telephone conversation on February 17th, the Secretary of State refused to provide a guarantee to Plaintiff Faulkingham that petitions filed on February 17th in towns which were closed on February 16th would be certified by the Secretary of State. Accordingly, Plaintiffs were able to file only 79,333 signatures with town clerks for validation on or before February 16, 2021. Plaintiffs contend the refusal of the Secretary of State to certify otherwise valid signatures filed the first day town clerk offices were open after the deadline is an independent violation of rights guaranteed to Plaintiffs

under the First and Fourteenth Amendments – especially this far out from the relevant election. The requested extension will eliminate the need for Plaintiffs to file an amended complaint and a new motion for preliminary injunction to require these signatures to be validated by Defendants, and;

  (2) The necessary restrictions on in-person hearings put into place to stem the spread of COVID-19 dramatically delayed the creation of the record necessary to permit this Court to properly adjudicate Plaintiffs motion for a preliminary injunction preventing Plaintiffs from being able to collect signatures free from the unconstitutional voter registration and residency requirements.  Despite the Court's diligent quick production of a comprehensive order and opinion as soon as the record was established, had the record been able to be established in January, Plaintiffs would have been able to collect signatures free from the unconstitutional restrictions for at least 10 days before the February 16, 2021 deadline. A more fulsome basis for the requested extension is detailed in the attached memorandum.

  Accordingly, Plaintiffs respectfully request that this Court extend the deadline for: (1) Plaintiffs to file their Maine initiative petitions to a date ten (10) days after the date the Court grants the requested extension; (2) the date for the towns are required to complete the validation of Plaintiffs signatures to a date ten days after the new deadline for Plaintiffs to file their initiative petitions, and (3) the Secretary of State to certify Plaintiffs' initiative petition  to a date fifty (50) days after the new deadline for Plaintiffs to file their Maine initiative petitions with the town clerks to validate the petition signatures.

Defendants do not join in this motion.

                                                Respectfully submitted,

Dated: February 19, 2021                **/s/ Stephen C. Whiting**
Stephen C. Whiting, Esq.
*Counsel to Plaintiffs*
The Whiting Law Firm
75 Pearl Street, Suite 207
Portland, ME  04101
(207) 780-0681

                                                  **/s/ Paul A. Rossi**
Paul A. Rossi
Admission *Pro Hac Vice*
*Counsel to Plaintiffs*
IMPG Advocates
316 Hill Street
Mountville, PA  17554
717.961.8978
Paul-Rossi@comcast.net
panthonyrossi@comcast.net

## CERTIFICATE OF SERVICE

Plaintiffs certify, by and through their undersigned legal counsel, that a true and correct copy of the foregoing document was filed with the Clerk of the Court through the Court's ECF system and that all opposing counsel are registered users and automatically received service of the foregoing document.

Dated: February 19, 2021       /s/ Paul A. Rossi
                                                        Paul A. Rossi
Admission *Pro Hac Vice*
*Counsel to Plaintiffs*
IMPG Advocates
316 Hill Street
Mountville, PA  17554
717.961.8978
Paul-Rossi@comcast.net
panthonyrossi@comcast.net

# ATTACHMENT A

| Towns Closed on February 16, 2021 | Number of Signatures Filed on February 17, 2021 |
|---|---|
| Readfield | 21 |
| Minot | 50 |
| Hebron | 20 |
| Turner | 98 |
| Greene | 55 |
| Monmouth | 58 |
| Winthrop | 39 |
| Sabbatus | 95 |
| Lisbon | 136 |
| Leeds | 17 |
| Mexico | 22 |
| Peru | 17 |
| Carthage | 3 |
| Mechanic Falls | 288 |
| Livermore | 13 |
| Livermore Falls | 35 |
| Vassalboro | 47 |
| Poland | 52 |
| Hampden | 72 |
| Winslow | 85 |
| Rockland | 80 |
| | |
| Total; Number of Signatures Impacted | 1,303 |